OPINION
 

 Per Curiam:
 

 FACTS
 

 On February 18, 1993, an informant contacted the Washoe County Consolidated Narcotics Unit (“CNU”) and informed officers that appellant Robert Henry Matos (“Matos”) was selling methamphetamines out of his Sparks apartment. The informant was concerned that Matos’ child was suffering from exposure to this criminal environment. Later, while wearing a police wire,
 
 *836
 
 the informant purchased two “eight balls” of crystal methamphetamine from Matos. Matos was arrested and charged with various crimes stemming from this illegal transaction.
 

 In an effort to reduce any forthcoming criminal sentence, Matos offered to assist law enforcement authorities in capturing other individuals involved in trafficking illegal drugs. NRS 453.3405(2) allows the trial judge to “reduce or suspend” an accused’s sentence if the accused renders “substantial assistance in the identification, arrest or conviction” of any accomplices, coconspirators or principals. CNU refused to accept Matos’ assistance, considering him a danger to law enforcement officers. Undaunted, Matos moved for a sentence reduction under NRS 453.3405(2).
 

 CNU officers testified that on several occasions, Matos threatened to kill various individuals involved with that unit and had a contract put out against a former cooperative. There was also testimony from the informant that Matos had threatened to kill her and her children if she aided in his prosecution. CNU supervisors decided that Matos presented an unreasonable risk to detectives. Therefore, they refused his assistance. The district court denied the sentence reduction, and Matos immediately entered a conditional plea of guilty to one count of trafficking in a controlled substance. He was fined $100,000.00 and sentenced to ten years in prison.
 

 On appeal, Matos claims that the district court erred in its interpretation and application of NRS 453.3405(2). As a related argument, he contends that the denial of the sentence reduction violated his constitutionally protected right to due process of law. We disagree and accordingly affirm Matos’ conviction.
 

 DISCUSSION
 

 NRS 453.3405(2) allows an accused to file a motion for a sentence reduction in district court when he has provided law enforcement officials with substantial assistance in identifying or apprehending drug traffickers. NRS 453.3405(2) reads as follows:
 

 2. The judge, upon an appropriate motion,
 
 may reduce or suspend
 
 the sentence of any person convicted of violating any of the provisions of NRS 453.3385, 453.339 or 453.3395
 
 if he finds that the convicted person rendered substantial assistance in the identification, arrest or conviction
 
 of any of his accomplices, accessories, coconspirators or principals or of any other person involved in trafficking in
 
 *837
 
 a controlled substance in violation of NRS 453.3385, 453.339 or 453.3395. The arresting agency must be given an opportunity to be heard before the motion is granted. Upon good cause shown, the motion may be heard in camera.
 

 (Emphasis added.)
 

 In rejecting Matos’ request for a reduced sentence under this statute, the district court held that because law enforcement officials had rejected the offer of help, there was no substantial assistance as a matter of law. Matos contends that the district court erred by failing to examine the merits of his motion and inappropriately determining that it lacked jurisdiction to entertain his request because there was no substantial assistance as a matter of law. He argues that there is no requirement in the language of the statute that the government accept the accused’s offer of help. By upholding the district court’s interpretation, Matos maintains that this court would create dangerous precedent whereby law enforcement officers would have veto power over all possible sentence reductions. Officers could simply refuse to cooperate with an accused and thereby prohibit a willing informant from taking advantage of “rights granted to him under the statute.” For support, Matos provides extensive analysis of the legislative history underlying NRS 453.3405(2).
 

 We disagree with these arguments. Matos is unduly confusing a very simple issue. Leaving aside claims regarding veto power, legislative intent, and the accused’s rights under the statute, the inescapable question on appeal is whether the district court erred by concluding that Matos did not substantially assist law enforcement officers. No matter how deep Matos tries to bury the question, the answer remains clear. Matos did not render substantial assistance to CNU because, under the facts of this appeal, law enforcement officials legitimately rejected his offer to assist. Matos was a danger to drug agents. Even if the district court erred in its technical interpretation of the statutory language, this is not fatal to its decision. On appeal, this court may imply findings of fact and conclusions of law if the record clearly supports the lower court’s ruling. Luciano v. Diercks, 97 Nev. 637, 639, 637 P.2d 1219, 1220 (1981). We hold that the record on appeal clearly supports that Matos could not have obtained a sentence reduction under NRS 453.3405(2).
 

 Matos’ second claim of error fares no better than his first. He argues that the district court denied his constitutionally protected right of due process by failing to reach the merits of his motion.
 
 *838
 
 Matos supports this claim by citing United States Supreme Court precedent defining the concept of due process in very general terms.
 
 See
 
 Rochin v. People of California, 342 U.S. 165, 169 (1952).
 

 This aspect of Matos’ argument illustrates a fundamental misconception underlying his entire arguing posture on appeal. Matos implies throughout his briefing papers, and in some instances claims, that he had a
 
 right
 
 to a sentence reduction under NRS 453.3405(2). This assertion is incorrect. Granting a sentence reduction under NRS 453.3405(2) is a discretionary function of the district court. Although never addressed in Nevada, federal courts have consistently held that an accused has no protected due process right to a
 
 discretionary
 
 sentence reduction for offering “substantial assistance” to government officials in apprehending drug criminals.
 
 See, e.g.,
 
 United States v. Harrison, 918 F.2d 30, 33 (5th Cir. 1990); United States v. La Guardia, 902 F.2d 1010, 1014-15 (1st Cir. 1990) (no due process right to a departure from federal sentencing guidelines under 18 U.S.C. app. 4, § 5K1.1 (1990); statute allows a reduced sentence for rendering “substantial assistance” to law enforcement officials).
 

 Without any protected right to a reduced sentence, Matos’ constitutional argument is restrained to contentions that the district court did not provide him with due process in
 
 considering
 
 his motion. The record indicates that Matos was given the opportunity to file his reduction request and to present his arguments at a corresponding hearing. Clearly, Matos was provided with adequate procedural due process.
 

 Having considered all of Matos’ contentions on appeal, and in light of our conclusion that Matos was not entitled to a sentence reduction under NRS 453.3405(2), we accordingly affirm his conviction.