OPINION
 

 By the Court,
 

 Agosti, L:
 

 Pursuant to a plea of guilty, appellant Taggart Parrish was found guilty of trafficking in a controlled substance in violation of NRS 453.3385(3) and resisting and obstructing a public officer with the use of a dangerous weapon in violation of NRS 199.280(1). As permitted under NRS 453.3405(2), Parrish moved for a suspended sentence on the trafficking count. His motion was predicated upon his assertion that he had provided substantial assistance to law enforcement consistent with NRS 453.3405(2). NRS 453.3405(2) allows the district court, at its discretion, to reduce or suspend the sentence of anyone convicted of certain drug-trafficking offenses, if the district court “finds that the convicted person rendered
 
 substantial assistance
 
 in the identification, arrest or conviction” of other drug traffickers. NRS 453.3405(2) (emphasis added). The district court in this case made no findings concerning whether Parrish had performed substantial assistance, but proceeded to sentence Parrish to life imprisonment, the maximum sentence allowed.
 

 On appeal, Parrish contends that the district court abused its discretion by failing to find that he had provided substantial assistance as defined in NRS 453.3405(2). Based upon the state of the record, we are unable to determine whether the district court erred in its application of the law or, alternatively, whether the
 
 *985
 
 district court found that Parrish had provided substantial assistance but, in its discretion, denied his motion for a reduced or suspended sentence. This ambiguous record compels the conclusion that the defendant is entitled to a new penalty hearing. We therefore vacate Parrish’s sentence and remand this case to the district court to conduct a new sentencing hearing before a different district judge.
 

 FACTS
 

 On March 9, 1998, police stopped a vehicle in which the appellant, Taggart Parrish, was riding as a passenger. Parrish attempted to flee on foot from the officers. Immediately, several officers gave chase. During the foot pursuit, Parrish attempted to aim a handgun in one officer’s direction. Fortunately, the officer knocked the handgun out of Parrish’s hand. A lengthy struggle ensued, during which Parrish attempted to reach the handgun numerous times. Finally, the police subdued and arrested Parrish. The police subsequently discovered methamphetamine in the vehicle in which Parrish had been riding.
 

 After Parrish’s arrest, detectives assigned to the Consolidated Narcotics Unit (“CNU”) met with Parrish at the jail to discuss the possibility that Parrish would provide substantial assistance pursuant to NRS 453.3405(2). The detectives testified that Parrish was very cooperative during this meeting. Parrish, in conjunction with his fiancée, provided information concerning fourteen individuals allegedly involved in drug trafficking. The information was detailed and particular, including names and telephone numbers, maps of areas where police could find drug traffickers, information about surveillance, and how the police could protect themselves during later investigations.
 

 The CNU detectives admitted that it was a “large list” and conceded that Parrish had supplied more information than would normally be provided by others attempting to render substantial assistance. Furthermore, the detectives testified that they recognized three names on the list Parrish provided. One person on the list had already been arrested in California. At the time of Parrish’s sentencing hearing, two other individuals on the list had been arrested through means unrelated to the information provided by Parrish. When asked whether he would have liked to have followed up on the information Parrish had provided, one of the CNU detectives responded that he was “definitely interested” in doing so.
 

 However, CNU detectives never investigated the information Parrish gave them. When asked during the sentencing hearing why they had not followed up on these leads, a CNU detective explained:
 

 
 *986
 
 Caseload and priorities. Priorities of the unit in the last couple of months have not been to respond to these types of leads. I mean, we have been responding to citizens’ complaints, and there’s an operation that we have been involved with over the last couple of months that has taken all of our time.
 

 Besides a lack of time and other “priorities,” CNU detectives testified that because of the events surrounding Parrish’s arrest, they would not work with Parrish because Parrish would present a danger to officers. The detectives testified that normally the CNU works with defendants who are attempting to provide substantial assistance by having the defendant participate in a “controlled buy,” that is, the police would “[fit the defendants] with a wire, giv[e] them money and hav[e] them do a buy for us.” However, the detectives admitted that it was possible to investigate the information without involving Parrish and that they were willing to try that approach. Nevertheless, the information Parrish had provided was never investigated in this, or any other, manner.
 

 The detectives also testified that it is the CNU’s opinion that lists, like the one provided by Parrish, do not constitute substantial assistance “[u]nless we fully follow it up and it result[s] in arrest.” Furthermore, the detectives stated that their supervisors do not like officers testifying at a defendant’s sentencing hearing that the defendant provided substantial assistance unless the information provided resulted in “actual bodies and product. That’s their policy.”
 
 [1]
 

 In addition to a fine of not more than $500,000.00, the punishment for trafficking in twenty-eight or more grams of a controlled substance is either: (1) life imprisonment, with the possibility of parole after a minimum of ten years has been served; or (2) a definite term of twenty-five years imprisonment, with the possibility of parole after a minimum of ten years has been served. NRS 453.3385(3). Additionally, NRS 453.3405(1) mandates that a defendant convicted of trafficking in a controlled substance is not eligible for a reduced or suspended sentence.
 
 [2]
 

 The district court continued Parrish’s sentencing hearing on two separate occasions. While Parrish claims that the district court
 
 *987
 
 continued his sentencing hearing because the CNU was working with Parrish, the record reveals that the first scheduled sentencing hearing was continued because Parrish’s new attorney was only assigned to the case the day before the hearing. The second scheduled sentencing hearing was continued for reasons not stated in the record. We assume, for purposes of this appeal, that the sentencing hearing was continued for the second time in order to allow Parrish additional time to work with the police. The district court then denied Parrish’s request to continue the sentencing hearing a third time to allow the CNU more time to follow up on the information he had provided, and proceeded with sentencing.
 

 At the sentencing hearing, Parrish moved for a suspended sentence on the trafficking count pursuant to NRS 453.3405(2). Parrish was informed by the written plea memorandum, his attorney and the district court at the time he entered his plea of guilty that he was not eligible for probation on the trafficking count unless the district court determined that he had complied with the provisions of NRS 453.3405(2) by rendering substantial assistance to law enforcement officials. The district court heard evidence on Parrish’s motion at the sentencing hearing. However, the district court made no finding concerning whether Parrish had or had not provided substantial assistance. Instead, the district court sentenced Parrish to the maximum prison sentence allowed for the crime of trafficking in a controlled substance.
 
 [3]
 

 On appeal, Parrish claims that the district court abused its discretion by failing to find that he rendered substantial assistance in accordance with NRS 453.3405(2).
 
 [4]
 
 Based on our review of the record, it is unknown whether the district court failed to find that Parrish rendered substantial assistance based upon a misinterpretation of the statute, and thereby erred in its application of the law, or whether the district court found that Parrish did provide substantial assistance pursuant to the statute but declined, in the exercise of its discretion, to reduce or suspend Parrish’s sentence. Accordingly, we vacate Parrish’s sentence and remand the case to the district court for a new sentencing hearing before a different district judge.
 

 
 *988
 

 DISCUSSION
 

 NRS 453.3405(2) allows the district court, upon proper motion, to reduce or suspend the sentence of the defendant when the district court finds the defendant rendered substantial assistance in the identification or apprehension of other drug traffickers. NRS 453.3405(2) reads:
 

 The judge, upon an appropriate motion, may reduce or suspend the sentence of any person convicted of violating any of the provisions of NRS 453.3385, 453.339 or 453.3395 if he finds that the convicted person rendered substantial assistance in the identification, arrest or conviction of any of his accomplices, accessories, coconspirators or principals or of any other person involved in trafficking in a controlled substance in violation of NRS 453.3385, 453.339 or 453.3395. The arresting agency must be given an opportunity to be heard before the motion is granted. Upon good cause shown, the motion may be heard in camera.
 

 We note that several other states, as well as the federal system, have similar provisions.
 
 [5]
 
 Such statutes are obviously intended to provide an incentive to drug-trafficking offenders to cooperate with law enforcement in the investigation of other drug traffickers.
 

 Parrish contends that the nature and amount of information he provided to the detectives, information which did identify other drug traffickers, constituted substantial assistance within the meaning of NRS 453.3405(2). Parrish further argues that the detectives’ failure to follow up on the information he gave them, choosing instead to prioritize other investigations over following up on Parrish’s information, should not result in a finding that Parrish had not rendered substantial assistance. Therefore, Parrish contends the district court abused its discretion by failing to find that he rendered substantial assistance within the meaning of NRS 453.3405(2).
 
 [6]
 

 We begin by noting that the district court is afforded wide discretion when sentencing a defendant.
 
 See
 
 Randell v. State, 109 Nev. 5, 7-8, 846 P.2d 278, 280 (1993). As we have acknowl
 
 *989
 
 edged, “ ‘judges spend much of their professional lives separating the wheat from the chaff and have extensive experience in sentencing, along with the legal training necessary to determine an appropriate sentence. ’ ”
 
 Id.
 
 (quoting People v. Mockel, 276 Cal.Rptr. 559, 563 (Ct. App. 1990)). We are also cognizant that in this case the legislature has clearly vested the district court with discretion, by stating that the judge ‘
 
 ‘may
 
 reduce or suspend the sentence
 
 ... if he
 
 finds that the convicted person rendered substantial assistance.” NRS 453.3405(2) (emphasis added).
 

 Nevertheless, this discretion is not limitless. When imposing a sentence, a district court may not abuse its discretion.
 
 See
 
 Martinez v. State, 114 Nev. 735, 737-38, 961 P.2d 143, 145 (1998). Therefore, on appeal, “in the absence of a showing of abuse of such discretion, we will not disturb the sentence.”
 
 See
 
 Deveroux v. State, 96 Nev. 388, 390, 610 P.2d 722, 724 (1980).
 

 In addition to the “abuse of discretion” standard, we are also mindful of our holding in Matos v. State, 110 Nev. 834, 878 P.2d 288 (1994). In
 
 Matos,
 
 the defendant, in an effort to reduce his sentence, offered to assist the police pursuant to NRS 453.3405(2).
 
 See Matos,
 
 110 Nev. at 836, 878 P.2d at 289. However, because Matos had threatened to kill several members of the Consolidated Narcotics Unit, and had gone so far as to have a “contract” put out on a former police informant, law enforcement officers refused to accept his assistance.
 
 Id.
 
 Under the facts of
 
 Matos,
 
 we concluded that since the defendant clearly posed a danger to law enforcement officers, those officers could legitimately reject his offer to render substantial assistance.
 
 Id.
 
 at 836-37, 878 P.2d at 289. Furthermore, we observed that on appeal this court would imply findings of fact and conclusions of law if the record clearly supports the district court’s ruling.
 
 Id.
 
 Therefore, we held in
 
 Matos
 
 that even if the district court erred in its technical interpretation of the statute, the district court did not err in concluding the defendant had not rendered substantial assistance.
 
 Id.
 

 Today’s case does not overrule these sound principles. Rather, Parrish’s situation does not present the case where law enforcement officers legitimately rejected his offer to assist drug agents. On the contrary, Parrish was approached by CNU officers after he was arrested and was asked if he was willing to provide substantial assistance. Parrish was willing. CNU detectives testified that they were “definitely interested” in following up on the information Parrish provided. One of the detectives further testified that he believed that the information Parrish provided was reliable since two people on Parrish’s list had been arrested for drug
 
 *990
 
 offenses subsequent to, but not related to, Parrish’s disclosure of their identities. Therefore, unlike
 
 Matos,
 
 this is not a case where detectives legitimately refused to work with the defendant. In contrast to
 
 Matos,
 
 detectives in this case seemed quite willing to extract information from Parrish; they simply did not want to work personally with and in close proximity to Parrish.
 

 Parrish correctly argues that nowhere in NRS 453.3405(2) is there a requirement that the police personally work with a defendant who is attempting to provide substantial assistance. While police may legitimately refuse to work closely with a defendant who, in the view of police officers, poses a danger to themselves or the public, substantial assistance, pursuant to the terms of the statute, may be rendered in other ways. We understand the detectives’ unwillingness to utilize Parrish in a controlled buy operation after he engaged in a prolonged physical struggle with law enforcement officers during his arrest and had, during the same incident, drawn a weapon on those officers. However, it is clear in this case that the information Parrish provided could have been investigated in a manner that did not personally involve Parrish. The officers themselves evaluated the information positively and thought it was sound enough to warrant further investigation. Therefore, the district court could have found that Parrish rendered substantial assistance even though the detectives refused to work closely with Parrish.
 
 [7]
 

 What is so troubling about this case is the district court’s apparent acceptance of CNU’s “policy” concerning substantial assistance. The CNU detectives testified that in their opinion only arrests, or as they put it, information resulting in “actual bodies and product,” constituted substantial assistance. Because the district court did not specifically address this interpretation and sentenced Parrish to the maximum sentence allowed, it seems that the district court may have implicitly accepted CNU’s “policy” as a correct statement of the law.
 

 CNU’s policy clearly constitutes a misinterpretation of the statute. NRS 453.3405(2) plainly states that the district court may find that the defendant rendered “substantial assistance in the identification, arrest
 
 or
 
 conviction” of other drug traffickers. (Emphasis added.) A plain reading of the statute reveals that an
 
 *991
 
 arrest is not a necessary prerequisite to a determination that a defendant has rendered substantial assistance. While CNU is free to develop its own internal policy concerning when the agency, in exercising its opportunity to be heard pursuant to NRS 453.3405(2), will recommend that the court reduce or suspend the sentence of an offender, CNU is not free to represent to the court that substantial assistance has not been rendered simply because their internal requirements have not been met.
 

 Furthermore, we take this opportunity to elaborate on the discretion with which district courts are vested under NRS 453.3405(2). Under this statute, once an appropriate motion is made, the district court may permissibly exercise its discretion in one of two ways. First, the district court may find that a defendant has not rendered substantial assistance under the statute, and therefore is not eligible for a sentence reduction or suspension. Second, even if the district court finds that a defendant has rendered substantial assistance in accordance with NRS 453.3405(2), the district court is still free in its discretion to reduce or suspend the sentence. The difficulty in this case is that we are unable to ascertain from the record why the district court sentenced Parrish to the maximum sentence allowed.
 

 Our holding today does not require law enforcement to work with every defendant who wishes to render substantial assistance. Neither is law enforcement required to act on every piece of information provided to them by a defendant attempting to render substantial assistance in an attempt to avoid an otherwise harsh, mandatory sentence. Nor do we hold that substantial assistance is rendered as a matter of law whenever a defendant provides law enforcement officers with information. The trial judge is always in the best position to evaluate the sincerity, reliability, quality and value of a defendant’s efforts to provide substantial assistance. However, a judicial determination of whether or not substantial assistance has been rendered must be made by application of the statutory requirements to the defendant’s efforts. If the district court sets a higher standard than is statutorily required for a finding of substantial assistance, the purpose of the statute is defeated. What is more, offenders who might otherwise be willing to trade information for the possibility of leniency will not do so if the carrot of leniency is illusory.
 

 Those responsible for enforcing the laws of this state, and in turn the public, are benefited when defendants choose to provide the police with information that leads to the “identification, arrest or conviction’ ’ of others involved in the drug trade. When offenders perform substantial assistance, it would be unfair to provide
 
 *992
 
 no relief under the statute to them unless an articulable reason exists not to reduce or suspend the sentence.
 

 In this case, Parrish provided CNU with a considerable amount of information. The detectives were able to independently corroborate some of that information. It is clear that this information did identify drug traffickers known to law enforcement through its own resources. This enhances the possibility that the rest of the information, if investigated, would have led to the “identification, arrest or conviction” of other drug traffickers. While we are unwilling to hold as a matter of law that Parrish rendered substantial assistance, it is clear to us, based on the nature and amount of information Parrish provided to law enforcement, that the district court could have found that Parrish provided substantial assistance. As we stated in
 
 Matos,
 
 this court may imply factual findings if the record clearly supports the lower court’s ruling. Matos v. State, 110 Nev. 834, 836, 878 P.2d 288, 289 (1994). Here, we cannot say that the record clearly supports the district court’s decision.
 

 Accordingly, we hold that when evidence is presented to the district court concerning whether or not a defendant has rendered substantial assistance pursuant to NRS 453.3405(2), the district court is required to expressly state its finding concerning whether or not substantial assistance has been provided. Because the district court in this case made no such finding, and because the record does not clearly support a finding that there had been no substantial assistance provided to law enforcement, we vacate Parrish’s sentence. We cannot determine from the record in this case whether the district court misinterpreted NRS 453.3405(2) since evidence was presented which could support a finding that Parrish had provided substantial assistance. Based on the foregoing, we affirm Parrish’s judgment of conviction but vacate his sentence and remand this case for a new sentencing hearing before a different district judge.
 

 Shearing and Leavitt, JJ., concur.
 

 [1]
 

 NRS 453.3405(2) requires that the arresting law enforcement agency be giyen an opportunity to be heard concerning whether the defendant has rendered substantial assistance.
 

 [2]
 

 NRS 453.3405(1) provides:
 

 Except as provided in subsection 2, the adjudication of guilt and imposition of sentence of a person found guilty of trafficking in a controlled substance in violation of NRS 453.3385, 453.339 or 453.3395 must not be suspended and the person is not eligible for parole until he has actually served the mandatory minimum term of imprisonment prescribed by the section under which he was convicted.
 

 [3]
 

 For the crime of trafficking in a controlled substance, the district court sentenced Parrish to life imprisonment and ordered Parrish to pay a fine of $25,000.00. The district court sentenced Parrish to a consecutive term of twelve to forty-eight months in prison for obstructing and resisting a public officer with the use of a dangerous weapon.
 

 [4]
 

 Parrish also contends that he did not receive the benefit of his plea agreement, or, more precisely, as Parrish put it in his brief to this court, that “there was a clear violation of the sanctity of the plea agreement or bargain.”
 
 See
 
 Santobello v. New York, 404 U.S. 257 (1971). Because we hold that Parrish is entitled to a new sentencing hearing for reasons related to the substantial assistance statute, we need not address this argument.
 

 [5]
 

 See, e.g.,
 
 U.S. Sentencing Commission,
 
 Guidelines Manual
 
 § 5K1.1 (Nov. 1999); Fla. Stat. Ann. § 893.135(4) (West 2000); Ga. Code Ann. § 16-13-31(f)(2) (1998).
 

 [6]
 

 Parrish claims that the trial court abused its discretion by failing to find that Parrish had rendered substantial assistance. However, as we have noted, we cannot determine from the record if the district judge did in fact determine that Parrish had not rendered substantial assistance.
 

 [7]
 

 From the record, it is unclear whether the police refused to work with Parrish due to the circumstances surrounding his arrest, or whether a lack of time and resources simply prevented the officers from fully investigating the information provided by Parrish. In any event, it is clear that Parrish did provide the police with a large amount of apparently valuable information.