An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GARRETT DENNIS MCINTYRE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61554

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of possession of a controlled substance for the purpose of sale. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

First, appellant Garrett Dennis McIntyre contends that his due process rights were violated by (1) allegedly erroneous claims that he failed to pay supervision fees while on probation, and (2) contempt orders issued for failing to comply with diversion court rules. We disagree. McIntyre fails to offer any persuasive argument or legal authority in support of his claims. See Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Additionally, these alleged due process violations did not lead to the revocation of McIntyre's diversion program and probation—instead, after the alleged violations, he was reinstated "on 453 Deferred Status probation"—and none of these specific claims are raised in connection with a challenge to the district court's later revocation of McIntyre's diversion program and probation and the imposition of a term of incarceration. McIntyre cannot demonstrate that he was prejudiced in any way entitling him to relief and we conclude that his contention is without merit.

Second, McIntyre contends that the district court abused its discretion by imposing an excessive and disproportionate sentence based

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10374

on suspect evidence, specifically, "inaccurate information about the procedural status of the case." In a related argument, McIntyre contends that the district court also abused its discretion at sentencing and violated his right to due process and equal protection by refusing to consider his application for a Mental Health Court diversion program. We disagree with McIntyre's contentions.

This court will not disturb a district court's sentencing determination absent an abuse of discretion. See Parrish v. State, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). McIntyre's prison term of 12-30 months falls within the parameters provided by the relevant statutes, see NRS 453.337(2)(a); NRS 193.130(2)(d), and the sentence imposed is not so unreasonably disproportionate to the gravity of the offense as to shock the conscience, see Culverson v. State, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); see also Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991) (plurality opinion). McIntyre fails to demonstrate that the district court relied solely on impalpable or highly suspect evidence. See Chavez v. State, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009). Further, nothing in record below supports McIntyre's claim that the district court refused to consider his request for mental health court, and he fails to offer cogent argument or demonstrate on appeal that the district court violated his right to due process and equal protection by imposing a term of incarceration. See NRS 176A.250; NRS 176A.260(1); see also NRS 176A.100(1)(c) (the granting of probation is discretionary). We conclude that the district court did not abuse its discretion at sentencing.

Finally, McIntyre contends that the district court violated his right to due process by refusing his request for credit for time served in the regimental discipline program. See NRS 176A.780(6) ("Time spent in

the program must be deducted from any sentence which may thereafter be imposed."). When the matter of credit was discussed at the sentencing hearing, a representative from the Division of Parole and Probation informed the district court that pursuant to earlier negotiations, McIntyre "actually gave up his credit for time served for Boot Camp" and that "this was agreed to by his attorney at the time, Gemma [Waldron]." As a result, the district court found that McIntyre was not entitled to credit for his time in the regimental discipline program. Defense counsel did not object to either the Division's representation or the district court's determination, and on appeal, McIntyre fails to address his purported waiver or demonstrate that the district court erred. McIntyre also fails to establish, to the extent the claim is raised on appeal, that he is entitled to additional credit beyond that accrued during his time in the regimental discipline program. Therefore, we conclude that McIntyre fails to demonstrate that he is entitled to relief, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:    Second Judicial District Court Dept. 8
        Karla K. Butko
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk