An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT MICHAEL FLUKER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61703



FILED

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of robbery of a person 60 years of age or older and robbery. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

First, appellant Robert Michael Fluker contends that the district court violated NRS 193.167(3) and *Mendoza-Lobos v. State*, 125 Nev. 634, 643-44, 218 P.3d 501, 507 (2009), by failing to make factual findings on the record prior to the imposition of the elderly victim sentence enhancement. Fluker did not object below to the imposition of the enhancement, therefore, we review this claim for plain error. *See* NRS 178.602; *Mendoza-Lobos*, 125 Nev. at 636 n.1, 644, 218 P.3d at 503 n.1, 507; *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). Although the district court did not expressly indicate that it considered the required factors, all of the factors listed in NRS 193.167(3) were addressed by the parties at Fluker's sentencing hearing. We conclude that Fluker failed to demonstrate plain error entitling him to relief. We also decline the State's request to overrule *Mendoza-Lobos*.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14375

Second, Fluker contends that the district court abused its discretion and "abdicated the sentencing calculus" by simply following the State's recommendation and imposing an excessive sentence without considering the mitigating factors. Fluker also claims that by imposing the maximum sentence, "the district court effectively usurped the knowledge and authority of the parole board to determine if [he] could be rehabilitated earlier and be released earlier." We disagree.

This court will not disturb a district court's sentencing determination absent an abuse of discretion. *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Fluker failed to demonstrate that the district court relied solely on impalpable or highly suspect evidence. *See Chavez v. State*, 125 Nev. 328, 347-48, 213 P.3d 476, 489-90 (2009). Fluker's consecutive prison terms of 72-180 months, 96-240 months, and 72-180 months fall within the parameters provided by the relevant statutes, *see* NRS 200.380(2); NRS 193.167(1), it is within the district court's discretion to impose consecutive sentences, *see* NRS 176.035(1), and the sentence imposed is not so unreasonably disproportionate to the gravity of the offenses as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). The record does not support Fluker's claim that the district court either failed to consider the mitigating factors or abdicated its duty by adopting the State's sentence recommendation. Fluker further failed to offer any persuasive argument in support of his claim that the district court

"usurped the knowledge and authority of the parole board" by imposing the maximum sentence. We conclude that the district court did not abuse its discretion at sentencing, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                              Saitta


cc:    Hon. Brent T. Adams, District Judge
       Cynthia C. Lu, Esq.
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk