An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SONNY JAMES GUBBINE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62243

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a no contest plea, of burglary, abuse of an older person, and two counts of child abuse. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

First, appellant Sonny James Gubbine contends that the State violated the terms of the plea agreement by implying that a fair sentence was more than the minimum sentence agreed to. This court holds the State to the "most meticulous standards of both promise and performance" in fulfillment of its part of the terms and spirit of a plea agreement, construed according to what the defendant reasonably understood when he or she entered the plea. *Sullivan v. State*, 115 Nev. 383, 387, 990 P.2d 1258, 1260 (1999) (quoting *Kluttz v. Warden*, 99 Nev. 681, 683, 669 P.2d 244, 245 (1983)). Here, the agreement required that both parties recommend a minimum sentence of 48 months imprisonment but did not restrict argument regarding the maximum sentence. Because our review of the record reveals that the prosecutor followed the terms of the agreement and "[n]othing in the prosecutor's comments implicitly or explicitly sought a harsher sentence than the state agreed to recommend,"

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21440

*id.*, 115 Nev. at 390, 990 P.2d at 1262, we conclude that this claim lacks merit.

Second, Gubbine contends that the State failed to give proper notice that a victim impact statement would reference a prior bad act and the district court abused its discretion by considering the prior bad act. The defense objected on hearsay grounds to the witness' mention of the act and the district court noted that, although not hearsay, the statement was inappropriate. The district court stated that it would not consider any uncharged crimes and specified that it based Gubbine's sentence upon the acts to which he pleaded no contest, the effect of the crimes on his children and parents, and his inability to conform his conduct to the requirements of the law. *See Buschauer v. State*, 106 Nev. 890, 894, 804 P.2d 1046, 1049 (1990) (a district court can disclaim reliance on prior bad acts when imposing sentence). Gubbine's consecutive sentences of 48-120 months on count I, 12 months on count II, 24-60 months on count III, and 24-60 months on count IV, are within the parameters provided by relevant statutes, NRS 193.140; NRS 200.508(1)(b)(1); NRS 200.5099(1)(a); NRS 205.060(2), and we conclude that the district court did not abuse its discretion at sentencing, *see* NRS 176.035(1); *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Steve L. Dobrescu, District Judge
State Public Defender/Ely
State Public Defender/Carson City
Attorney General/Carson City
White Pine County District Attorney
White Pine County Clerk