An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN BRADLEY HODGES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62074



FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of grand larceny and burglary. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

First, appellant Steven Bradley Hodges contends that the district court abused its discretion by denying his motion for substitute counsel. The entry of a guilty plea generally waives any right to appeal from events occurring prior to the entry of the plea. *See Webb v. State*, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Moreover, there is no indication in the record that Hodges preserved the right to challenge the district court's denial of his motion on appeal. *See* NRS 174.035(3). Therefore, we decline to consider the matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27790

Second, Hodges contends that the district court abused its discretion by adjudicating him as a habitual criminal and imposing a disproportionate sentence which shocks the conscience. We disagree.

The district court has broad discretion to dismiss a count of habitual criminality. *See* NRS 207.010(2); *O'Neill v. State*, 123 Nev. 9, 12, 153 P.3d 38, 40 (2007). Our review of the record reveals that the district court understood its sentencing authority and considered the appropriate factors prior to making its determination to adjudicate Hodges as a habitual criminal. *See Hughes v. State*, 116 Nev. 327, 333, 996 P.2d 890, 893 (2000); *see also* NRS 207.016(5); *O'Neill*, 123 Nev. at 15-16, 153 P.3d at 42-43 (once a district court declines to exercise its discretion to dismiss an allegation of habitual criminality, the only factual findings the judge may then make must relate solely to the existence and validity of the prior convictions). We conclude that the district court did not abuse its discretion by adjudicating Hodges as a habitual criminal.

Additionally, Hodges has not alleged that the district court relied solely on impalpable or highly suspect evidence or demonstrated that the sentencing statute is unconstitutional. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 489-90 (2009). Hodges' prison term of 10-25 years falls within the parameters provided by the relevant statute, *see* NRS 207.010(1)(b)(3), and is not so unreasonably disproportionate to the gravity of the offense and his history of recidivism as to shock the

conscience, *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion); *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). We conclude that the district court did not abuse its discretion at sentencing. *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                              Saitta

cc:    Hon. Elliott Sattler, District Judge
       Janet S. Bessemer
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

