An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JESSE BEARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63839

**FILED**

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of robbery. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

First, appellant Jesse Beard contends that the district court erred by denying his presentence motion to withdraw his guilty plea because it was not entered knowingly and voluntarily. Beard claims that he was confused about the plea offer, did not understand the sentencing consequences, and was coerced by counsel. In his motion below, Beard claimed that "[c]ounsel persuaded [him] to take the plea agreement by telling [him] if he didn't . . . that future sentencing would be a life sentence." We conclude that Beard is not entitled to relief.[1]

"District courts may grant a motion to withdraw a guilty plea prior to sentencing for any substantial, fair, and just reason." *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001); *see* NRS 176.165. Here, the district court conducted a hearing, heard testimony from Beard, his former counsel, and his former counsel's investigator, and denied the

---

[1]Beard was initially bound over and charged by criminal information with conspiracy to commit robbery, robbery, and burglary.

14-15347

motion. The district court found that counsel was not "far off to have told Mr. Beard . . . it would be likely that, assuming the State was seeking large habitual that I likely would sentence [him] as a large habitual . . . and would likely result in a life sentence as opposed to the 8 to 20 that was being offered." The district court also found that Beard understood the plea offer and the sentencing consequences and entered his guilty plea knowingly and voluntarily. Our review of the record reveals that Beard failed to either provide a substantial, fair, and just reason which required the withdrawal of his plea, *see Crawford*, 117 Nev. at 721, 30 P.3d at 1125, or demonstrate that counsel's performance was deficient, *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Missouri v. Frye*, 566 U.S. ___, ___, 132 S. Ct. 1399, 1405-06 (2012); *Lafler v. Cooper*, 566 U.S. ___, ___, 132 S. Ct. 1376, 1384 (2012). Therefore, because Beard failed to satisfy his burden and prove that his plea was invalid, *see Molina v. State*, 120 Nev. 185, 190, 87 P.3d 533, 537 (2004), we conclude that the district court did not abuse its discretion by denying his motion, *Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007).

Second, Beard contends that the district court abused its discretion by imposing a sentence constituting cruel and unusual punishment. We disagree.

This court will not disturb a district court's sentencing determination absent an abuse of discretion. *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Beard has not alleged that the district court relied solely on impalpable or highly suspect evidence or that the sentencing statutes are unconstitutional. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 489-90 (2009). Beard's prison term of 8-20 years falls within the parameters provided by the relevant statute, *see* NRS

207.010(1)(a), and is not so unreasonably disproportionate to the gravity of the offense and his history of recidivism as to shock the conscience, *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion); *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). We conclude that the district court did not abuse its discretion at sentencing, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Elissa F. Cadish, District Judge
      Law Offices of Martin Hart, LLC
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk