An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ANGELA MARIE HILL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64831

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of burglary, first-degree kidnapping, and robbery. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Appellant Angela Marie Hill contends that the district court abused its discretion at sentencing and imposed a sentence constituting cruel and unusual punishment because it based its sentencing decision on highly suspect evidence when it determined Hill displayed insufficient remorse for the victim and imposed a sentence for the burglary charge higher than that recommended by the Division of Parole and Probation (P&P). We disagree.

Hill was sentenced to terms of 60 to 180 months for kidnapping, 72 to 180 months[1] for robbery, and 22 to 96 months for burglary; with the robbery term to be run consecutive to the kidnapping term, and the burglary term to be run concurrent to the kidnapping and robbery terms.

---

[1]P&P recommended a term of 35-156 months for the robbery charge.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19235

We review a district court's sentencing determination for an abuse of discretion, *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). Further, the district court is not required to accept the recommendations of P&P. *See Lloyd v. State*, 94 Nev. 167, 170, 576 P.2d 740, 742 (1978).

As the victim was returning to her vehicle, Hill confronted the victim, allegedly at gunpoint, and abducted the victim. Hill drove off in the victim's car with the victim inside. Although the victim was ultimately able to force Hill out of the car and escape, the victim was shot in the head during the escape. Hill's sentence falls within the relevant sentencing parameters, *see* NRS 200.320(2)(b); NRS 200.380(2); NRS 205.060(2), and Hill does not allege that the statutes are unconstitutional. Moreover, our review of the record reveals no indication that the district

court based its sentencing decision solely on Hill's apparent lack of remorse. Having considered the sentence and the severity of the crimes, we are not convinced that the sentence imposed is so grossly disproportionate to the gravity of the offenses as to constitute cruel and unusual punishment, and we conclude that the district court did not abuse its discretion. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.         _____Saitta_____, J.
Parraguirre                                             Saitta

cc:     Hon. Nancy L. Porter, District Judge
        Elko County Public Defender
        Attorney General/Carson City
        Elko County District Attorney
        Elko County Clerk

---

[2]Footnote 1 of the fast track statement is not in the same size font as the body of the brief as required by NRAP 32(a)(5). We caution Hill's counsel that future failure to comply with the rules of this court may result in the imposition of sanctions. NRAP 3C(n).