An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RUBEN JAMES TRUJILLO A/K/A
JAMES RUBEN TRUJILLO,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64055

**FILED**

SEP 19 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER AFFIRMING IN PART AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of possession of a controlled substance. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

First, appellant Ruben James Trujillo contends that the district court abused its discretion by revoking his probation and rescinding his diversion program. Trujillo claims that he should "be reinstated on drug diversion." We disagree with Trujillo's contention.

The district court's decision to revoke probation will not be disturbed absent an abuse of discretion. *Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). At the revocation hearing, Trujillo conceded that he failed to comply with the conditions of his probation and admitted to the violations alleged in the report prepared by the Division of Parole and Probation. *See generally McNallen v. State*, 91 Nev. 592, 540 P.2d 121 (1975) (revocation of probation affirmed where violation by probationer not refuted). As a result, the district court found that Trujillo's conduct was not as good as required, revoked his probation, and rescinded his diversion program. *See Lewis*, 90 Nev. at 438, 529 P.2d at 797. We conclude that the district court did not abuse its discretion.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31159

Second, Trujillo contends that the imposition of jail time as a condition of probation after the rescinding of his diversion program constitutes cruel and unusual punishment. We disagree.

This court will not disturb a district court's sentencing determination absent an abuse of discretion. *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). After the revocation of his probationary term and the rescinding of his diversion program, the district court sentenced Trujillo to a suspended prison term of 12-36 months and, as a condition of probation, ordered him to serve 12 months in jail. Trujillo's sentence falls within the parameters provided by the relevant statutes, *see* NRS 193.130(2)(e); NRS 453.336(2)(a); *see also Igbinovia v. State*, 111 Nev. 699, 707, 895 P.2d 1304, 1309 (1995), and the sentence imposed is not so unreasonably disproportionate to the gravity of the offense as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). Additionally, Trujillo has not alleged that the district court relied solely on impalpable or highly suspect evidence or that the sentencing statutes are unconstitutional. *See Chavez v. State*, 125 Nev. 328, 347-48, 213 P.3d 476, 489-90 (2009). We conclude that the district court did not abuse its discretion at sentencing by imposing jail time as a condition of probation.

Third, Trujillo contends that the district court erred by sentencing him to a fixed probationary term of 60 months. We agree. The district court failed to consider the period Trujillo spent on probation for the instant offense prior to the ultimate sentencing hearing when it imposed an additional 60-month probationary term in violation of NRS 176A.500(1)(b) (providing that "[t]he period of probation or suspension of a

sentence" must not exceed five years); *Wicker v. State*, 111 Nev. 43, 46-47, 888 P.2d 918, 919-20 (1995). Further, the district court violated NRS 176A.500(7) by failing to provide Trujillo with credit for time served for the period spent successfully completing the drug court program. Therefore, we conclude that the district court erred by imposing a 60-month probationary term and remand this case for the correction of the illegal sentence. *See* NRS 176.555. Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Alvin R. Kacin, District Judge
      Elko County Public Defender
      Attorney General/Carson City
      Elko County District Attorney
      Elko County Clerk

Supreme Court
OF
Nevada

(O) 1947A

3