An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DUJUAN DON LOOPER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65608

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted sexual assault of a minor under fourteen years of age, battery constituting domestic violence (strangulation), and possession of a visual presentation depicting sexual conduct of a child. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Dujuan Don Looper contends that the district court abused its discretion by imposing maximum consecutive sentences because it based its sentencing decision on emotion and failed to consider "clear mitigating circumstances." Looper also contends that his sentence constitutes cruel and unusual punishment. We disagree.

Looper digitally penetrated his girlfriend's 13-year old daughter while she was sick, took pictures of his attack, and strangled his girlfriend when she discovered the pictures. At sentencing, the district court stated that it had read Looper's sentencing memorandum and psychosexual evaluation. The victims gave statements which described the incident's impact on their family. When the victims concluded, the district court thanked them, said "ok," and imposed sentence; nothing in the record suggests that the court's sentencing decision was based upon

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40315

suspect evidence or was improperly influenced by emotion. Looper's consecutive prison terms of 96-240 months, 19-60 months, and 19-72 months, fall within the parameters provided by the relevant statutes, NRS 193.330(1)(a)(1); NRS 200.366(3)(c); NRS 200.485(2); NRS 200.730(1), and Looper has not demonstrated that these statutes are unconstitutional. *See Chavez v. State*, 125 Nev. 328, 347-48, 213 P.3d 476, 489-90 (2009). The sentence imposed is not so disproportionate to the gravity of the offenses as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). We conclude that the district court did not abuse its discretion, *see Parrish v. State*, 116 Nev. 982, 988-89, 12 P.3d 953, 957 (2000), and we

ORDER the judgment of conviction AFFIRMED.[1]

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                              Saitta

---

[1]Looper's fast track statement does not comply with the formatting requirements of NRAP 3C(h)(1) and NRAP 32(a)(4)-(5) because it does not have one-inch margins on all sides and contains a footnote which is not in the same size font as the text of the brief. We caution counsel that future failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions. *See* NRAP 3C(n).

cc:    Hon. Elissa F. Cadish, District Judge
Patti, Sgro & Lewis
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A