An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MONIQUE KARIEN BORK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65201

**FILED**

JAN 2 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of child abuse and neglect with substantial bodily harm. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

First, appellant Monique Karien Bork contends that the district court committed plain error at sentencing by allowing improper victim impact testimony. *See* NRS 176.015(3). Bork claims that the district court erred "by allowing a non-victim to speak in the first person voice of the deceased child." Notably, Bork did not object at the time of sentencing. Although we agree that the district court erred by allowing the witness in question to testify, we conclude that Bork fails to demonstrate prejudice affecting her substantial rights. *See Gallego v. State*, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001).[1]

"'[J]udges spend much of their professional lives separating the wheat from the chaff and have extensive experience in sentencing, along with the legal training necessary to determine an appropriate

---

[1]Bork also notes that she was not provided with notice that the witness would testify. Bork is not entitled to relief on this basis. *See* NRS 176.015(4) ("Any defect in notice . . . [is] not grounds for an appeal.").

sentence.'" *Randell v. State*, 109 Nev. 5, 7-8, 846 P.2d 278, 280 (1993) (quoting *People v. Mockel*, 276 Cal. Rptr. 559, 563 (Ct. App. 1990)). Here, the brief statement by the challenged witness merely thanked the victim's grandmother and adoptive parents for the care they provided, did not specifically address the defendant or the crime, and did not make a sentencing recommendation. The district court also heard from the victim's adoptive parents, *see* NRS 176.015(3), (5)(d)(3), who both asked the district court to impose the maximum sentence after providing details about the victim's life after his severe brain injury and his extensive medical history preceding his death. The State, as well, argued for the maximum sentence and the district court imposed the maximum prison term of 96-240 months.[2] Bork fails to demonstrate that the challenged statement unduly influenced the district court, and we conclude that the district court did not commit plain error entitling her to a new sentencing hearing. *See Dieudonne v. State*, 127 Nev. ___, ___, 245 P.3d 1202, 1204-05 (2011) (reviewing the failure to object to victim impact statements for plain error).[3]

Second, Bork contends that the district court abused its discretion by imposing an excessive and disproportionate sentence

[2]The Division of Parole and Probation recommended a prison term of 53-240 months.

[3]Additionally, according to documents provided by Bork on appeal, at the hearing on her motion for resentencing, the district court, who also presided over the codefendant's trial, stated that in sentencing Bork, it considered "everything that was presented to me in the course of this case," and that "[a]s far as that one speaker, quite frankly it would have been pretty nominal, the impact, given the breadth of information that was provided to me before sentencing."

constituting cruel and unusual punishment. We disagree. This court will not disturb a district court's sentencing determination absent an abuse of discretion. *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Bork fails to demonstrate that the district court relied solely on impalpable or highly suspect evidence or allege that the sentencing statutes are unconstitutional. *See Chavez v. State*, 125 Nev. 328, 347-48, 213 P.3d 476, 489-90 (2009). Bork's prison term of 96-240 months falls within the parameters provided by the relevant statute, *see* NRS 200.508(1)(a)(2), and the sentence imposed is not so unreasonably disproportionate to the gravity of the offense as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). We conclude that the district court did not abuse its discretion at sentencing.

Third, Bork contends that the district court violated her right to due process and a fair tribunal by using "publicity about this case for campaign purposes." Bork takes issue with the district court judge posting a link on her Facebook page to an article about the sentencing hearing after the sentenced was imposed. Bork claims that the district court abused its discretion by denying her motion for resentencing and that she is entitled to a new sentencing hearing before a different district court judge. We disagree.

Initially, we note that no statute or court rule provides for an appeal from an order denying a motion for resentencing, and a challenge to the denial of the motion is not properly raised in this direct appeal. *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990) (explaining that the right to appeal is statutory; where no statute or court

rule provides for an appeal, no right to appeal exists). Bork never moved to disqualify the district court judge, *see Towbin Dodge, LLC v. Eighth Judicial Dist. Court*, 121 Nev. 251, 260, 112 P.3d 1063, 1069 (2005) ("[I]f new grounds for a judge's disqualification are discovered after the time limits in NRS 1.235(1) have passed, then a party may file a motion to disqualify based on [NCJC Canon 2, Rule 2.11]."), and a challenge to the district court's impartiality is not properly raised in this appeal. Additionally, we are not persuaded that the posting of a link to an article about Bork's sentencing hearing on the district court judge's Facebook page, after the sentence was imposed, indicates bias or impropriety. *See Sonner v. State*, 112 Nev. 1328, 1335, 930 P.2d 707, 712 (1996) (holding that a bare allegation of bias is insufficient to rebut the presumption of impartiality). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

CHERRY, J., dissenting:

I respectfully dissent from the panel's decision to affirm the judgment of conviction.

The Division of Parole and Probation recommended a prison term of 53-240 months. Nevertheless, the district court imposed a prison term of 96-240 months, nearly doubling the minimum prison time Bork

would be required to serve. In my opinion, this significant upward departure from the minimum recommended prison term indicates that the district court was unduly influenced by the unnoticed witness who spoke in the voice of the victim at the sentencing hearing, and demonstrates prejudice affecting Bork's substantial rights.

For this reason, I would order full briefing, *see* NRAP 3C(k); NRAP 28; NRAP 32, and schedule oral argument.

_____, J.
Cherry

cc: Hon. Stefany Miley, District Judge
Special Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk