# IN THE SUPREME COURT OF THE STATE OF NEVADA

IVAN DWIGHT COTTON, II, A/K/A
IVAN DWIGHT COTTON, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77236

**FILED**

FEB 0 5 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.[1]

Appellant Ivan Cotton argues that insufficient evidence supports his conviction and that his sentence constitutes cruel and unusual punishment. We disagree with Cotton's contentions and affirm his judgment of conviction.[2]

Cotton argues the evidence adduced at trial was insufficient to support his conviction of first-degree murder with the use of a deadly weapon. When reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. State*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). A jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports its verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

---

[1]The Honorable Eric Johnson, Judge, presided at trial.

[2]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

20-04968

Cotton contends that the paucity of physical evidence linking him to the shooting portends someone else could have killed the victim. The record shows that while sitting in the driver's seat of her car, the victim was shot six times in her right torso by a handgun registered to Cotton, which was in his possession earlier in the day. Cotton and the victim were romantically involved. Leading up to the murder, witnesses testified that the couple were quarreling and the relationship was ending. During a phone conversation, Cotton and the victim agreed to meet at a nearby park to discuss their relationship. Approximately two minutes later Cotton called 9-1-1 to report that the victim had shot herself. When law enforcement arrived, no one else was present and Cotton told the officers to, "put me in cuffs" and "just take me to jail." Cotton's own testimony contradicted that of the State's witnesses; however, this court has repeatedly held that "whenever conflicting testimony is presented, it is for the jury to determine what weight and credibility to give to that testimony." *Allen v. State*, 99 Nev. 485, 487, 665 P.2d 238, 240 (1983). Viewing this evidence in the light most favorable to the State, a rational trier of fact could have found each essential element of first-degree murder with the use of deadly weapon beyond a reasonable doubt. *See* NRS 193.165 (deadly weapon enhancement); NRS 200.010 (defining murder); NRS 200.020 (defining express and implied malice); NRS 200.030 (providing the degrees of murder); *see also Hernandez v. State*, 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002) (concluding that circumstantial evidence alone may support a criminal conviction).

Next, Cotton argues that given his age, lack of prior criminal history, and mental health diagnoses, his sentence of life without the possibility of parole constitutes cruel and unusual punishment. We review a district court's sentencing decision for an abuse of discretion. *See Parrish*

SUPREME COURT
OF
NEVADA

(O) 1947A

*v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Regardless of its severity, "[a] sentence within the statutory limits is not 'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)). Cotton does not challenge the constitutionality of the relevant statute nor the penalty range. The sentence imposed is within the statutory range. *See* NRS 193.165(1); NRS 200.030(4)(b)(1). We conclude Cotton's sentence is not so unreasonably disproportionate to the offense as to shock the conscience, and the district court did not abuse its discretion at sentencing. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[3]

_____ , C.J.
Pickering

_____ , J.
Hardesty

_____ , Sr. J.
Douglas

cc:  Hon. Michelle Leavitt, District Judge
     Sandra L. Stewart
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A