SAMUEL CULVERSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10410

June 14, 1979                                    596 P.2d 220

*Greenman & Goldberg,* and *Paul E. Raby,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted, by jury verdict, of robbery and use of a deadly weapon in the commission of that offense. Thereafter, he was given a 12-year sentence in the Nevada State Prison for the robbery, and an additional, consecutive 12-year sentence for his use of a deadly weapon. *See* NRS 193.165. On this appeal appellant contends (1) the evidence identifying him as the perpetrator of the offense was insufficient to support a conviction; (2) the evidence was insufficient to support a finding that a deadly weapon had been used in the commission of the offense; and (3) the sentence imposed violates the constitutional prohibition of cruel and unusual punishment. We find these contentions to be without merit.

1. At trial, the victim identified appellant as the perpetrator

of the offense. Appellant contends that because the victim had described the perpetrator to the police as being five feet, eleven inches or six feet tall, while the defendant is in fact six feet, two inches tall, the identification was as a matter of law insufficient. It is well established in this state that it is the function of the jury to weigh the credibility of the identifying witness. *See* Wise v. State, 92 Nev. 181, 547 P.2d 314 (1976); Collins v. State, 88 Nev. 9, 492 P.2d 991 (1972). Where, as here, there was substantial evidence to support the jury's verdict, the verdict will not be overturned by the appellate court. *See* Williams v. State, 87 Nev. 230, 484 P.2d 1088 (1971); Tellis v. State, 85 Nev. 679, 462 P.2d 526 (1969).

2. Appellant further argues that the evidence produced at trial failed to demonstrate that appellant *used* a deadly weapon in the commission of the offense. In order to *use* a deadly weapon for purposes of NRS 193.165, "there need not be conduct which actually produces harm but only conduct which produces a fear of harm or force by means or display of a [deadly weapon] in aiding the commission of [a crime]." People v. Chambers, 498 P.2d 1024, 1027 (Cal. 1972). In the instant case, the victim testified that at the inception of the robbery the appellant opened a bag and displayed a handgun, and that during the course of the robbery appellant's hand remained on the weapon. Based on these facts, we hold that it was permissible for the jury to conclude that the appellant used a deadly weapon in the commission of the robbery. *See* People v. Najera, 503 P.2d 1353 (Cal. 1972).

3. Appellant's final assignment of error is that the sentence imposed by the district court constitutes cruel and unusual punishment. A sentence does not constitute cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disportionate to the offense as to shock the conscience. Lloyd v. State, 94 Nev. 167, 576 P.2d 740 (1978). Here, appellant does not challenge the constitutionality of the statutes and the sentence imposed is well within statutory limits; and therefore, this argument is without merit. *Id.*

Accordingly, the judgment is affirmed.