An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IGNACIO VALENCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61007

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of sexual assault of a child and two counts of lewdness with a child under the age of fourteen. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge. Appellant Ignacio Valencia raises five contentions on appeal.

First, Valencia argues that the district court erred in denying his motion to suppress statements he made to a detective because they were the result of a violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Specifically, he claims that as he was in custody when he invoked his right to counsel, the police were forbidden from later contacting him by telephone. We disagree. A suspect is in custody under *Miranda* if a reasonable person would not feel free "to terminate questioning and leave." *J.D.B. v. North Carolina*, 564 U.S. ___, ___, 131 S. Ct. 2394, 2402 (2011). While we give deference to a district court's factual findings regarding the circumstances surrounding the interaction between the suspect and law enforcement, we review de novo the district court's ultimate determination of whether the suspect was in custody. *Avery v. State*, 122 Nev. 278, 286-87, 129 P.3d 664, 670 (2006).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21468

Here, the district court conducted a hearing and found that Valencia was not in custody during his initial questioning or subsequent phone calls during which he made incriminating statements. Valencia voluntarily accompanied the detective to the station, rode in the front seat of the detective's car, was not handcuffed, and left immediately after arriving at the station. Having considered the district court's factual findings and the circumstances surrounding the statements, we conclude that Valencia was not in custody. *Id.* at 287, P.3d at 670 ("Important considerations in deciding whether or not [a defendant] was in custody include the site of the interrogation, whether the investigation has focused on the subject, whether the objective indicia of arrest are present, and the length and form of the questioning."). Moreover, the record supports the district court's conclusion that Valencia's indication that he "wanted to try to get a lawyer," was equivocal and therefore insufficient to invoke his right to counsel. *See Davis v. United States*, 512 U.S. 452, 458-60 (1994) (providing that officers need not cease questioning after ambiguous reference to attorney when "a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel"). The district court therefore did not err by denying the motion to suppress.

Second, Valencia contends that the district court erred in instructing the jury on the weight and sufficiency of the evidence. We discern no abuse of discretion. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). The instruction that a single witness' testimony was sufficient to prove any fact was an accurate statement of the law. *United States v. Smith*, 563 F.2d 1361, 1363 (9th Cir. 1977). The "no corroboration" instruction was legally correct and did not instruct the jury

to give the victim's testimony greater weight. *See Gaxiola v. State*, 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005).

Third, Valencia argues that the district court erred in instructing the jury on statements by a defendant. He contends that Instruction 20 was improper as it directed the jury that Valencia's statement was either a confession or admission and that Instruction 21, which directed the jury to consider whether the statement was voluntary, was improper as the district court erred in admitting his statement. We disagree. The challenged instructions did not impermissibly characterize statements by the defendant as either admissions or confessions. The permissive language used in Instruction 20 permitted the jury to find that Valencia's statement was a confession, admission, or neither. As Valencia's statement was properly admitted, the district court did not abuse its discretion in issuing Instruction 21. *Crawford*, 121 Nev. at 748, 121 P.3d at 585.

Fourth, Valencia asserts that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment. We disagree. The sentences imposed by the district court, three consecutive terms of life with the possibility of parole after 20 years for each count of sexual assault of a child under 14 years of age, one consecutive sentence of life with the possibility of parole after 10 years for lewdness with a child, and one concurrent sentence of life with the possibility of parole after 10 years for lewdness with a child, were not so unreasonably disproportionate to the gravity of the offense as to shock the conscience. *See Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Hamerlin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). Further, it was within the district court's discretion to order the sentences to run

consecutively. *See* NRS 176.035(1). We are not convinced that the district court abused its discretion. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009) (reviewing a district court's sentencing decision for abuse of discretion).

Fifth, Valencia contends that cumulative error warrants reversal of his convictions and sentence. Because we have found no error there is nothing to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Patrick Flanagan, District Judge
      John Ohlson
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk