An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIO CESAR ZARAGOZA-ROMERO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62813

FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a no contest plea, of trafficking in a controlled substance. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

Appellant Julio Cesar Zaragoza-Romero contends that the district court abused its discretion at sentencing by relying on impalpable and highly suspect evidence–specifically, the prosecutor's statement that the crime was "sophisticated." Zaragoza-Romero contends that this resulted in an unconstitutionally disproportionate sentence because he was a mere courier.[1]

---

[1]We reject the State's assertion that NRS 177.015(4) bars this claim. *See Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) (claims appropriate on appeal from a judgment entered pursuant to a plea include "a challenge to the sentence imposed on constitutional or other grounds"), *disapproved of on other grounds by Thomas v. State*, 115 Nev. 148, 150, 979 P.2d 222, 223-24 (1999).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27762

We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Regardless of its severity, a sentence that is "within the statutory limits is not 'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate).

We conclude that Zaragoza-Romero's contentions lack merit. His sentence of 60-156 months imprisonment falls within statutory parameters, *see* NRS 453.3385(2), and he does not allege that the statute fixing punishment is unconstitutional. The prosecutor's statement did not constitute impalpable or highly suspect evidence, and Zaragoza-Romero's

sentence is not so grossly disproportionate to the crime as to constitute cruel and unusual punishment. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Alvin R. Kacin, District Judge
       Elko County Public Defender
       Attorney General/Carson City
       Elko County District Attorney
       Elko County Clerk

---

[2]Although we filed the fast track statement and response, these documents fail to comply with the Nevada Rules of Appellate Procedure. Neither brief contains margins of at least 1-inch on all four sides, and the fast track response is not double-spaced and the footnote text is not the same size as the body of the text. *See* NRAP 3C(h)(1); NRAP 32(a)(4), (5). We caution counsel for both parties that future failure to comply with the Nevada Rules of Appellate Procedure may result in the imposition of sanctions. *See* NRAP 3C(n).