An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES PATRICK CIBULKA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61719

FILED

SEP 1 8 2013



*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted possession of a controlled substance. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant James Patrick Cibulka claims that the district court erred by denying his presentence motion to withdraw his plea in which he argued that his counsel was ineffective and his plea was not knowingly entered because he was not advised that the commission of a new misdemeanor offense before sentencing would release the State from the plea agreement and allow the State to seek a prison term.[1]

We presume that the district court correctly assessed the validity of a plea and will not reverse its decision absent an abuse of discretion. *Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 538 (2004). When reviewing a claim of ineffective assistance of counsel, we give

_____

[1]This claim was adequately raised in the district court and preserved for appeal based on the proper person arguments considered by the district court.

13-27768

deference to the court's factual findings if supported by substantial evidence and not clearly erroneous, but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The district court found that Cibulka was informed in the guilty plea agreement that if he was charged with any new offense, excluding minor traffic violations, the State would be free to argue for any legal sentence. At the plea canvass, Cibulka acknowledged that his counsel reviewed the plea agreement with him and he had read and understood the plea agreement. Cibulka conceded below that he only wanted to withdraw his plea because the State had regained the right to argue for a prison term at sentencing and he wanted the State to have to go through the expense of a trial if he was going to go to prison for $10 worth of methamphetamine. The district court determined that Cibulka failed to demonstrate that his counsel was ineffective, *see Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (setting forth two-part test for proving ineffective assistance of counsel based on a judgment of conviction entered pursuant to a guilty plea); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996), or that his plea was invalid, *see Molina*, 120 Nev. at 191, 87 P.3d at 538. We conclude that the district court did not err by determining that counsel was not ineffective and did not abuse its discretion by denying Cibulka's motion to withdraw his guilty plea.

Cibulka also claims that the district court abused its discretion at sentencing and imposed a sentence constituting cruel and

unusual punishment. "The sentencing judge has wide discretion in imposing a sentence." *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). This court will refrain from interfering with the sentence imposed "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence." *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).

Cibulka's 14- to 48-month sentence is within the parameters provided by the relevant statutes, *see* NRS 193.130(2)(e) (category E felony punishable by a term of 1 to 4 years); NRS 193.330(1)(a)(6) (attempt to commit a category E felony is punishable as a category E felony); NRS 453.336(2)(a), and he does not allege that the statutes are unconstitutional. He also does not allege that the district court relied on impalpable or highly suspect evidence. Having considered the sentence and the crime, we are not convinced that the sentence imposed is so

grossly disproportionate to the crime as to constitute cruel and unusual punishment or that the district court abused its discretion when imposing the sentence.

Having considered Cibulka's claims and determined they lack merit, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. James M. Bixler, District Judge
     Brent D. Percival
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[2]The fast track statement does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not have 1-inch margins on all four sides and it does not appear that the text is double-spaced. It also appears that the fast track response does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it appears that the text is not double-spaced. We caution counsel for the parties that future failure to comply with formatting requirements when filing briefs with this court may result in the imposition of sanctions. See NRAP 3C(n); NRAP 32(e).