An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PERFECTO YBARRA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62236

**FILED**

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of sexual assault and lewdness with a child under the age of fourteen years. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Sixty-year-old appellant, Perfecto Ybarra, admitted to sexually assaulting and performing lewd acts on a thirteen-year-old mentally disabled girl. Ybarra's signed plea agreement states that "I understand that the consequences of my plea of guilty [as to each count] are that I will be imprisoned for a period of life . . . with eligibility for parole when a minimum of 10 years has been served" and "I stipulate to serve consecutive sentences between [the two counts]." Ybarra raises three claims of error on appeal.

First, Ybarra raises a facial challenge to the mandatory sentence provided in NRS 201.230(2) as cruel and/or unusual punishment under the United States and Nevada constitutions. *See* U.S. Const. amend. VIII; Nev. Const. art. 1, § 6. As this court has recognized, the

13-30998

Legislature is empowered, within constitutional limits, to define crimes and fix punishments, and this court should not "encroach upon that domain lightly." *Schmidt v. State,* 94 Nev. 665, 668, 584 P.2d 695, 697 (1978). Consistent with this separation of powers, this court has held that, regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State,* 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State,* 95 Nev. 433, 435, 596 P.2d 220, 221–22 (1979)); *see also Harmelin v. Michigan,* 501 U.S. 957, 1000-01 (1991) (plurality opinion). Ybarra's claim that the mandatory nature of Nevada's sentencing scheme makes it cruel and unusual "has no support in the text and history of the Eighth Amendment," *Harmelin,* 501 U.S. at 994, and "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare," *Solem v. Helm,* 463 U.S. 277, 289-90 (1983) (internal quotation marks, emphasis and alterations omitted). Ybarra's sentence of consecutive terms of life in prison, each carrying a minimum parole eligibility after ten years, falls within the parameters provided by the relevant statutes, *see* NRS 176.035(1); NRS 200.366; NRS 201.230(2), and the sentence is not so unreasonably disproportionate to the gravity of the offenses as to shock the conscience, *see Culverson,* 95 Nev. at 435, 596 P.2d at 221-22; *see also Griego v. State,* 111 Nev. 444, 447, 893 P.2d 995, 997-98 (1995), *abrogated on other grounds by Koerschner v. State,* 116 Nev. 1111, 13 P.3d 451 (2000);

*Adaway v. State*, 902 So. 2d 746, 747-53 (Fla. 2005). Therefore, we conclude that NRS 201.230(2) does not impose cruel and/or unusual punishment.

Second, Ybarra contends that the district court abused its discretion by agreeing with Ybarra's stipulation to serve consecutive life sentences for sexual assault and lewdness with a child under the age of fourteen years. This court will not disturb a district court's sentencing determination absent an abuse of discretion. *Randell v. State*, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993). Ybarra has not demonstrated that the district court relied on impalpable or highly suspect evidence when it agreed with Ybarra's stipulation. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009). Therefore, we conclude that the district court did not abuse its discretion at sentencing.

Third, Ybarra contends that the district court's imposition of a $10,000 fine at sentencing amounts to cruel and/or unusual punishment because he was indigent at the time of sentencing. *See* U.S. Const. amend. VIII; Nev. Const. art. 1, § 6. Ybarra admits that he receives a monthly Veteran's Administration benefit of $125 and has failed to demonstrate that he will not receive a portion of this benefit while he is incarcerated. *See* 38 C.F.R. § 3.665(d) (2013) (discussing the amount payable to incarcerated beneficiaries). Furthermore, Nevada law provides a procedure for Ybarra to request a reduction of his fine or installment plan based on his financial ability to pay. *See* NRS 176.085; *see also Gilbert v. State*, 99 Nev. 702, 708, 669 P.2d 699, 702-03 (1983). We conclude that Ybarra's fine does not amount to cruel and/or unusual punishment. *See*

*Culverson*, 95 Nev. at 435, 596 P.2d at 221-22; *see also Harmelin*, 501 U.S. at 1000-01 (plurality opinion).

Having considered Ybarra's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jerome Polaha, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk