An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCOS TIRADO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62983

**FILED**

OCT 16 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of grand larceny of a firearm. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant Marcos Tirado contends that the district court abused its discretion and imposed an excessive sentence by ordering it to run consecutively to the sentence imposed in an unrelated case (district court case no. CR12-1137). We disagree.[1]

This court will not disturb a district court's sentencing determination absent an abuse of discretion. *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Tirado has not alleged that the district court relied solely on impalpable or highly suspect evidence or that the sentencing statute is unconstitutional. *See Chavez v. State*, 125 Nev. 328,

---

[1]Tirado asserts that an appeal from the revocation of his probation in district court case no. CR12-1137 was consolidated with the instant appeal at the request of this court. Tirado is mistaken. There is no indication in the record that Tirado filed a notice of appeal in district court case no. CR12-1137 or that this court consolidated the two cases. Therefore, we decline to consider Tirado's argument to the extent it challenges the sentence imposed in district court case no. CR12-1137.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31048

347-48, 213 P.3d 476, 489-90 (2009). Tirado's prison term of 16-72 months falls within the parameters provided by the relevant statute, NRS 205.226(2), and the sentence imposed is not so unreasonably disproportionate to the gravity of the offense as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). Further, it is within the district court's discretion to impose consecutive sentences. *See* NRS 176.035(1). Notably, at the sentencing hearing, Tirado asked the district court to impose a consecutive sentence pursuant to negotiations; according to defense counsel, the plea deal also included Tirado's stipulation to the revocation of his probation in district court case no. CR12-1137 and the State's dismissal of an additional pending case. We conclude that the district court did not abuse its discretion at sentencing, and we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

---

[2]The fast track statement fails to comply with NRAP 3C(h)(1) because the footnotes are not "in the same size and typeface as the body of the brief," NRAP 32(a)(5). Counsel for Tirado is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. Connie J. Steinheimer, District Judge
Hardy Law Group
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk