An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN DWAYNE BROOKS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64311

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempt to commit sexual assault. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Kevin Dwayne Brooks contends that his sentence is excessive, constituting cruel and unusual punishment, because it exceeds the maximum sentence agreed to by the parties.

We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11441

*State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). Brooks asserts that he expected to receive a 10-year sentence, but acknowledged in his guilty plea agreement that he had "not been promised or guaranteed any particular sentence by anyone" and that the consequences of his guilty plea permitted the district court to potentially impose a maximum sentence of 20 years. When basing its decision to impose a longer sentence than that stipulated to by the parties, the district court acknowledged Brooks' second psychological evaluation, but chose to rely on Brooks' first psychological evaluation, which determined that Brooks has a high-risk-to-reoffend. The district court also noted Brooks' violent criminal past. Having considered the sentence and the crime, we are not convinced that the sentence imposed is so grossly disproportionate to the gravity of the offense and Brooks' history of recidivism as to constitute cruel and unusual punishment. Further, Brooks' sentence of 6 to 20 years falls within the parameters provided by the relevant statutes, *see* NRS 193.330(1)(a)(1) (term of 2 to 20 years for attempt to commit sexual assault as defined in NRS 200.366(1), (2)); *Chavez v. State*, 125 Nev. 328, 347-48, 213 P.3d 476, 489-90 (2009), and Brooks does not allege that those statutes are unconstitutional. We conclude that the district court did not abuse its discretion when sentencing Brooks.

Brooks also contends that he signed the plea agreement based on his counsel's false assurance that he would be sentenced to a term of imprisonment of not more than 10 years, resulting in ineffective

assistance of counsel. As Brooks acknowledges, ineffective-assistance-of-counsel claims generally may not be raised on direct appeal, *see Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995), and we decline to consider it here.

We conclude Brooks is not entitled to relief and we ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Douglas W. Herndon, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk