An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

J'VON LAWRENCE WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64800

**FILED**

JUN 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of leaving the scene of an accident. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant J'von Lawrence Williams contends that the district court's decision to impose the maximum sentence allowed by statute is disproportionate to the gravity of the offense and Williams' prior criminal history, and constitutes cruel and unusual punishment. Williams asserts that his plea of guilty proves that he accepts responsibility for his actions and that he deserves leniency.

This court will not disturb a district court's sentencing determination absent an abuse of discretion. *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Here, the district court was presented with evidence at sentencing[1] that Williams failed to stop at a stop sign, collided with the victim who was on a motorcycle, and failed to stop and check on the victim's welfare or otherwise comply with NRS 484E.030 (describing motorist's duty in event of accident resulting in injury or

---

[1]We note that appellant's counsel only provided a portion of the sentencing transcript.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19225

death). The collision resulted in the victim's death. The court was informed that, while Williams had never been convicted of a prior misdemeanor or felony, he had been "charged with leaving the scene of a collision" in 2012 and had one "prior DUI arrest." Williams' prison term of 6 to 15 years falls within the parameters provided by the relevant statute, *see* NRS 484E.010(3), and is not so disproportionate to the crime "as to shock the conscience." *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). Further, Williams has not alleged that the district court relied solely on impalpable or highly suspect evidence or that the sentencing statute is unconstitutional. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 489-90 (2009). Therefore, we conclude that the sentence imposed does not constitute cruel and unusual punishment and the district court did not abuse its discretion at sentencing, *see Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Stefany Miley, District Judge
Marchese Law Office
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A