An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEON KYUN PARK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66462

**FILED**

SEP 1 1 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to an *Alford* plea,[1] of conspiracy to commit murder, conspiracy to commit kidnapping, first-degree kidnapping with the use of a deadly weapon, first-degree murder with the use of a deadly weapon, and robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant argues that the district court abused its discretion by sentencing him to life without parole, amounting to a cruel and unusual sentence. Appellant contends that a lesser sentence was warranted for many reasons, which mostly stem from his age (19) and immaturity, Korean cultural norms, and a lack of stability in his formative years.

We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

15-27550

demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).

We conclude that the district court did not abuse its discretion or impose a cruel or unusual sentence. The sentences imposed are within the parameters provided by the relevant statutes. *See* NRS 193.165, NRS 199.480(1)(a), (b), NRS 200.030, NRS 200.320, NRS 200.380. Appellant does not allege that the statutes are unconstitutional or that the district court relied on impalpable or highly suspect evidence when imposing sentence. Despite the mitigating considerations presented to the district court, the sentence imposed is not grossly disproportionate to the crime: appellant planned and executed a brutal murder for a minor pecuniary gain. And no relief is warranted based on the district court's failure to state its reasons for the sentence imposed. Appellant did not object, so we review for plain error. *See* NRS 178.602 (providing that plain errors or defects affecting substantial rights may be addressed even if not raised below). Appellant has not identified any controlling authority establishing

error and we decline his request to adopt a new procedural requirement that a sentencing court must state the reasons for its decision when imposing a life-without-parole sentence. Appellant fails to demonstrate plain error requiring a new sentencing hearing. *See Green v. State,* 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (describing plain error review). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Special Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A