An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL CASEY LOPEZ A/K/A PAUL CASEY LOPEZ, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66466

PAUL CASEY LOPEZ A/K/A PAUL CASEY LOPEZ, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66467

**FILED**

SEP 1 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a judgment of conviction, pursuant to a guilty plea, of first-degree murder with the use of a deadly weapon, robbery with the use of a deadly weapon, third-degree arson, two counts of battery by a prisoner resulting in substantial bodily harm, and battery on an officer resulting in substantial bodily harm with the intent to promote, further or assist a criminal gang. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant argues that his sentence of life in prison without the possibility of parole for first-degree murder is unconstitutionally excessive and that a sentence of life with the possibility of parole is sufficient. Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475,

915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The sentence imposed is within the parameters provided by the relevant statutes, *see* NRS 200.030, and appellant does not allege that those statutes are unconstitutional. Considering the nature and circumstances of the offense, we are not convinced that the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment.[1] Moreover, appellant stipulated to a life sentence without the possibility of parole for first-degree murder. He cannot now complain that he received the sentence to which he agreed.

Appellant next requests that we remand his case to the district court for an evidentiary hearing to determine the full scope of the issues that should be raised on appeal. He asserts that remand is necessary because counsel was appointed after sentencing and the procedural history of the case sheds no light on the issues he desired this court to consider. An evidentiary hearing is not an appropriate remedy to ascertain what issues should be raised on appeal.

---

[1]Appellant points out that the Nevada Constitution prohibits punishment that is cruel *or* unusual, *see* Nev. Const. art 1, § 6, while the United States Constitution prohibits punishment that is cruel *and* unusual, *see* U.S. Const. amend. VIII, and that we should be mindful of that distinction. For the reasons above, appellant has not demonstrated that his sentence is constitutionally infirm under either constitution.

Having considered appellant's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                Cherry

cc:     Hon. Carolyn Ellsworth, District Judge
        Christopher R. Oram
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk