An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

OSBALDO CHAPARRO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67026

FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of the district court denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant Osbaldo Chaparro contends the district court erred in denying several claims of ineffective assistance of trial and appellate counsel without conducting an evidentiary hearing. Under the two-part test established by the United States Supreme Court in *Strickland v. Washington,* a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) prejudice. 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State,* 112 Nev. 980, 987-88, 998, 923 P.2d 1102, 1107, 1114 (1996). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey,* 112 Nev. at 998, 923 P.2d at 1114. A court need not consider both prongs of the *Strickland* test if a defendant makes an insufficient showing on either prong. *Strickland,* 466 U.S. at 697. An evidentiary hearing is warranted only if a petitioner raises claims supported by specific factual allegations

that are not belied by the record and, if true, would entitle him to relief. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

*Ineffective assistance of trial counsel*

First, Chaparro contends that the district court erred in denying his claim that trial counsel was ineffective for failing to request an instruction on the lesser-included offense of open and gross lewdness. We disagree. Open or gross lewdness is not a lesser-included offense of battery with intent to commit sexual assault because the elements of open or gross lewdness are not entirely included within the elements of battery with intent to commit sexual assault. *See Wilson v. State*, 121 Nev. 345, 359, 114 P.3d 285, 294-95 (2005) ("The test ultimately resolves itself on whether the provisions of each of the different statutes require the proof of a fact that the other does not."). Open and gross lewdness involves the intent to commit a sexual act that could be observed by another and would be offensive to observers. NRS 201.210; *Berry v. State*, 125 Nev. 265, 280-82, 212 P.3d 1085, 1095-97 (2009), *abrobated on other grounds by State v. Casteneda*, 126 Nev. 478, 245 P.3d 550 (2010). Battery with intent to commit sexual assault prohibits the willful use of force or violence upon the person of another with the intent to commit nonconsensual sexual penetration. *See* NRS 200.400(1)(a); NRS 200.366(1). While it penalizes violent contact aimed at sexual assault, the offense does not require a sexual act or that such an act be observed by another. Therefore, Chaparro could not demonstrate that counsel's performance was deficient for failing to request the instruction and the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, Chaparro contends that counsel was ineffective for failing to present testimony from several witnesses who could have

confirmed, consistent with his statement to police, where Chaparro walked after the alleged battery. We disagree. The victim testified that Chaparro attacked her as she was leaving the Nugget Casino human resources office. Her testimony was corroborated by her injuries and records that showed Chaparro was at the Nugget as well. Chaparro also admitted to police that he was with the victim in the parking lot, shoved her, and got on top of her. Considering this evidence, Chaparro could not demonstrate a reasonable probability that the outcome of trial would have been different had counsel sought to introduce testimony that would have corroborated Chaparro's statement in such a minor detail. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, Chaparro contends that trial counsel was ineffective for failing to object to repeated instances of prosecutorial misconduct. We disagree. Although counsel failed to object to the comments at trial, Chaparro's appellate counsel challenged the comments on appeal. *See Chaparro v. State*, Docket No. 59907 (Order of Affirmance, November 15, 2012). While we evaluated the merits of the claims under the plain error standard of review, we concluded that, as the jury was properly instructed on the definition of reasonable doubt, any error was harmless. *See id.* As the State's comments did not result in any prejudice, *see Riley v. State*, 110 Nev. 638, 646, 878 P.2d 272, 278 (1994) (noting petitioner bears the burden of establishing prejudice as a result of counsel's failure to object or argue issues of prosecutorial misconduct on appeal), Chaparro failed to demonstrate that the district court erred in denying this claim without conducting an evidentiary hearing.

*Ineffective assistance of appellate counsel*

First, Chaparro argues that the district court erred in denying his claim that appellate counsel was ineffective for failing to challenge the jury instructions defining "willful." We disagree. While the district court refused to give Chaparro's proposed instructions, the given instructions adequately covered the subject matter of the proposed instructions. *See Earl v. State*, 111 Nev. 1304, 1308, 904 P.2d 1029, 1031 (1995) (providing that district court may refuse instructions where proffered instructions are substantially covered by given instructions). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, Chaparro argues that appellate counsel was ineffective for failing to argue that the district court plainly erred in failing to instruct on open and gross lewdness. As open or gross lewdness is not a lesser included offense of battery with intent to commit sexual assault, Chaparro failed to demonstrate that appellate counsel's performance was deficient for not raising this argument on appeal. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (stating that counsel cannot be deemed ineffective for failing to make a futile objection). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, Chaparro contends that appellate counsel was ineffective for failing to challenge his sentence as a violation of the prohibition against cruel and unusual punishment. We conclude that Chaparro failed to demonstrate that his counsel was deficient or that he was prejudiced. "A sentence within the statutory limits is not 'cruel and unusual punishment'" where the statute itself is constitutional, and the

sentence is not so unreasonably disproportionate to the crime as to shock the conscience. *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)). NRS 200.400 provides for a sentence of life with the possibility of parole after two years for battery with intent to commit sexual assault where substantial bodily harm does not result. NRS 200.400(4)(b). The evidence in the record showed that Chaparro grabbed the victim by the back of the head and shoved her into her car. He then pinned her down, thrust his hand down her shirt, and groped her breast. Chaparro's statements to the victim during the battery revealed his intent to sexually assault her. Considering this evidence, Chaparro failed to demonstrate that his counsel could have successfully argued that his sentence was unreasonably disproportionate to the crime. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Having considered Chaparro's contentions and concluding that no relief is warranted,[1] we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]Chaparro also contends that the cumulative effect of counsel's errors entitles him to relief. We conclude that no relief is warranted on this claim.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Patrick Flanagan, District Judge
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk